(Decided Oct. 9th, 1861.)

# DILLEY & WALKER, *vs.* J. PHILIP ROMAN and CHAS. S. DARROW.

To a *scire facias* on a mechanics' lien claim, the defendants pleaded, as a set-off, that the plaintiffs, at the time of the filing their claim, and still are, indebted unto the Parker Vein Coal Company in a much larger sum than that due from the defendants, and for which the plaintiffs have filed their lien, to wit, in the sum of $366.60, for lumber sold and delivered by said company to the plaintiffs, before that time, at the special instance and request of the plaintiffs, which still remains due to the defendants by the plaintiffs, and which sum exceeds the damages sustained by the plaintiffs. HELD:

1st. That this plea of set-off is defective, because it does not appear, *on its face*, that the claim alleged as a set-off is due from the plaintiffs to the defendants, nor that the defendants are assignees of the Parker Vein Coal Company.

2nd. If the defendants were assignees of that company, the plea should have alleged that the debt was due the assignor before the assignment, and the assignment to the defendants should also have been alleged.

A demurrer mounts up to the first error in pleading, and requires the court to give judgment accordingly.

APPEAL from the Circuit Court for Allegany county.

*Scire facias,* on a mechanics' lien claim, under the Act of 1841, ch. 76, applicable to Allegany county, issued at the instance of the appellants, on the 3rd of February 1855.

The record shows that the lien claim was filed on the 29th of January 1855, by the appellants, partners in trade, as claimants, stating that the appellees, Roman and Darrow, "as assignees or trustees of the Parker Vein Coal Company, are

the owners or reputed owners of the building,'' (which was a warehouse built upon a piece of land conveyed to said company in 1853,) and that one Shockey was the contractor or builder. The claim is for lumber, furnished from October 17th, 1853, to May 4th, 1854. The items and credits of the claim, and the balance due thereon, are stated in the opinion of this court.

The writ of *scire facias*, after reciting the filing of the claim by said Dilley & Walker against said Roman and Darrow, "as assignees or trustees of the Parker Vein Coal Company," commands the sheriff to make known to the said Darrow and Roman, "assignees or trustees as aforesaid, and to all such persons as may hold or occupy the said building, that they appear" and show cause why the said sum of $202.87 should not be levied on said building, for the use of the said claimants.

To this writ the appellees appeared and pleaded a set-off, to which the appellants replied a set-off. To the replication the appellees filed a general demurrer, which was sustained by the court, (PERRY, J.,) and judgment thereon rendered for the appellees, from which the appellants appealed. The plea and replication are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*J. H. Gordon,* for the appellants:

As the demurrer mounts up to the first defect in pleading, it brings before the court the sufficiency of the defendants' plea of set-off. This plea is fatally defective, because it shows the demand on which the plea is based, to be owing to the Parker Vein Coal Company, and does not show how or when, if ever, the defendants became interested in it. Set-off is a legal defence, and mutual debts only can be set-off against each other. The plea must set out the claim sought to be set-off, with as much certainty as a claim is stated in a declaration; it must show the debts to be mutual, and that

Dilley & Walker, vs. Roman and Darrow.

the claim sought to be set-off is due the defendant, when pleaded. 2 *Saund. on Pl. & Ev.*, 787, 789. 2 *Parsons on Cont.*, 243, and *note s*, 248, and *note g*. 12 *G. & J.*, 51, *Hall vs. Creswell*. 4 *Gill*, 325, *Annan vs. Houck*. But the doctrine of set-off does not apply to such a case as this, it being a proceeding *in rem*, in which a lien is attempted to be enforced on specific property. Notice goes to the world; the judgment is against the world; and if one party can plead set-off, all others having interests can do the same thing.

*Geo. A. Pearre*, for the appellees:

Proceedings under the lien laws are special, and it is nowhere provided what defences may be made. The courts must, therefore, mould the laws of pleading and evidence to suit each case. The claim, in this case, is for materials furnished in constructing a building which it is alleged was owned by Roman and Darrow, who are called on to show cause why the claim should not be made out of the house. The demand is against the house, and this is a special and peculiar remedy to enforce payment of the claim. The house belongs to the defendants. The plaintiffs owe the defendants. Now why may not the latter set-off their claim against a remedy new and special, and to which the ordinary rules of pleading do not apply? Why was notice given to these defendants to show cause, if having a good one they still cannot plead it? Our lien laws have been taken from those in Pennsylvania, and in that State it has been decided that a set-off may be pleaded to such a claim. 13 *Penn. State Rep.*, 181, *Gable, et al., vs. Parry, et al.* The plea is a good one as to technical form. It is stated in it that the set-off is due, owing and unpaid to the said defendants. The indebtedness was claimed and plead, and it was for the jury to decide whether Roman and Darrow had a right to it. A plea sets out the defence, and the evidence establishes it. As to the replication, it is clearly a departure in pleading, for it replies against the Parker Vein Coal Company, and there cannot be set-off against set-off. 13 *Penn. State Rep.*, 181.

LE GRAND, C. J., delivered the opinion of this court.

This is a case under the lien law of 1841, chapter 76, and its supplements, growing out of a claim for lumber furnished on or about the erection and construction of the building described in the proceedings.

The whole amount of lumber furnished, as appears from the account of the plaintiffs, is $631.74. On the account credits are given, for cash and lumber, to the amount of $497.21, leaving a balance of $202.83. The credit for lumber is $323.83.

To the claim of $202.83, the defendants filed their plea of set-off, stating that the plaintiffs, before and at the time of filing their lien, and the issuing of the *scire facias* thereon, and from thence have been and still are, indebted "unto the Parker Vein Coal Company in a much larger sum of money than the money due and owing from the said J. Philip Roman and Chas. S. Darrow, and for which the said Dilley & Walker have filed their said lien against the said Roman and Darrow, to wit, in the sum of $366.60, current money, for lumber sold and delivered by the said Parker Vein Coal Company to Dilley & Walker, before that time, at the special instance and request of the said Dilley & Walker, which said sum of money still remains wholly due and owing and unpaid to the said J. Philip Roman and Charles S. Darrow, by the said Dilley & Walker, and which sum exceeds the damages sustained by the said Dilley & Walker," &c.

To this plea the plaintiffs replied, that at the time of filing their lien, to wit, on the 29th day of January 1855, and from thence hitherto, the Parker Vein Coal Company have been and still are indebted unto them in another and further sum of money than the sum so mentioned in the *scire facias*, to wit, the sum of $400, for lumber, goods and chattels sold and delivered to the Parker Vein Coal Company, for which the plaintiffs have no lien or other security, and out of which sum so due and owing, the plaintiffs are ready and willing and offer to set-off and allow to the defendants the sum alleged by them in their plea to be due and owing to them.

To this replication there was a demurrer, which was sustained by the court.

The demurrer mounts up to the first error in pleading, and requires the court to give judgment accordingly. We think the plea of set-off of the defendants is defective in this:—it does not appear, on its face, that the claim alleged as a set-off is due from the plaintiffs to the defendants, nor that the defendants are assignees of the Parker Vein Coal Company. If the defendants be assignees, it should have been alleged that the debt was due the assignor before the assignment, and the assignment to the defendants, also, should have been alleged. In these particulars the plea is defective, and being so, the court erred in sustaining the demurrer to the plaintiffs' replication.

*Judgment reversed and procedendo awarded.*

